JEAN BERTHA DENZER, WHO SUES, ETC., ET AL., APPELLANTS, v. DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, RESPONDENT.

Argued May 24, 1926—Decided October 18, 1926.

1. When, under legislative authority, a railroad company, in the abolition of grade crossing perils, is permitted and required to support its tracks across a street by columns or similar erections within the street lines, its duty to the public traveling in the street ends with the construction and maintenance of such permanent structure in the manner laid down and specified by the public authority.

2. In such case the inquiry as to a corresponding structure in another municipality, under a different regulation, is irrelevant to a determination of the lawfulnes of the structure.

3. The facts of this case *held* to bring it within the ruling of Lorentz *v.* Public Service Railway Co., decided at the present term.

---

On appeal from the Supreme Court.

For the appellants, *John W. Palmer.*

For the respondent, *Frederic B. Scott.*

The opinion of the court was delivered by

PARKER, J. The infant plaintiff, a child of six years of age, was injured by being struck by an automobile driven by one McHugh, at the Greenwood avenue underpass beneath the tracks of the defendant company in East Orange. She

brought suit against the company alleging improper mainte-
nance of the underpass in such manner as to create a danger-
ous trap on a public highway; in view of what occurred at
the trial the precise allegations of the complaint are imma-
terial. The trial court directed a nonsuit, and this judicial
action is one of the grounds of appeal; the other two are
refusal to strike out a special defense, and a ruling on the
admission of testimony.

The railroad runs east and west on a fill principally be-
tween retaining walls; Greenwood avenue runs north and
south, and is depressed to give headroom under the tracks,
which as they cross the avenue are supported by three con-
crete piers, or sets of piers, one at the east curb, one at the
west curb, and one midway of the road, and running normal
to the railroad. Each may be described as substantially a
concrete wall pierced with large openings through which a
man may readily walk. McHugh was driving north on the
east side of the roadway; the infant plaintiff had been pro-
ceeding north on the easterly sidewalk, and wishing to cross
to the west side of Greenwood avenue, she chose one of the
openings in the concrete wall to pass through, and emerged
on the other side, on the road, as the automobile came up,
and was struck at that point.

The complaint, apparently, not covering the question
whether the supporting piers had or had not been erected
under lawful public authority, the defendant pleaded as part
of the answer, in substance, that under statutory authority
the board of public utility commissioners had ordered the
abolition of grade crossings in East Orange, including the
street in question, that the railroad company pursuant thereto
made a contract with the municipality for such abolition, and
that the structure in question was in strict conformity with
such order and contract.

At the opening of the trial, plaintiff moved to strike out
this part of the answer, the ground being, as we read the
case, that if the company after having erected this structure
"failed to properly protect this obstruction they made over
the highway, it then becomes their duty to exercise reasonable

and proper care to guard and protect the public from injury occasioned by the obstruction which they put there.  *  *  * No one claims they did not have permission to put this up."

The refusal of the court to strike out the special defense was plainly right. While objection might perhaps have been made to the complaint for vagueness in not specifying either that the structure had been lawfully erected or was unlawful, that pleading intimated that it was a nuisance, as it obviously would be if not lawfully put there, and defendant was therefore justified in pleading facts showing the public authority under which it had been placed there as a permanent structure. The mere fact that plaintiff admitted the lawfulness of its erection (as her counsel did in his remarks to the court quoted above) is no reason for striking out defendant's allegation, but on the contrary is a reason for retaining it in the record.

This disposes of the alleged error in denying the motion to strike out. With these facts thereby settled, the nonsuit was proper. The argument at the trial seems to have been, as it seems to be here, that assuming a lawful obstruction in the highway to have been created, yet a duty rested on defendant so to maintain it, or use due care so to maintain it, as that pedestrians and automobiles should not come into collision because of one or the other or both being temporarily hidden behind the obstruction. Just how this is to be done is not suggested, except perhaps that the apertures in the concrete walls should be closed by metal gratings or the like.

A similar point based on similar reasoning was made in the case of *Lorentz* v. *Public Service Railway Company, post,* p. 104, and held by us against the plaintiff. We think the case at bar is controlled by our ruling in the other, and in this case, and when, under legislative authority, a railroad company in the abolition of grade crossing perils is permitted and required to support its tracks across a street by columns or similar erections within the street lines, its duty to the public traveling on the street ends with the construction and maintenance of such permanent structure in the manner laid down and specified by the public authority.

The appellant invokes the case of *Opdyke* v. *Public Service Railway Co.,* 78 *N. J. L.* 576, as holding to the contrary of this view, but is evidently misled by an unofficial report of that case, in which an important negative prefix is omitted. The official report reads (at *p.* 583) : "It is well settled that one who places an unauthorized obstruction within the limits of a highway * * * is .liable to * * * any person who is thereby specially damnified," &c.  The decision turned on the point that the special bridge was without public authority.

The remaining point is that a witness for plaintiff was not permitted to state the character of the supports under the company's bridge over Broad street, Newark.  The inquiry was totally irrelevant.  Whether at Newark or Orange, or at any other place, the inquiry must be whether the particular structure is authorized by law; and whether a structure in one place differs from one in another is beside the mark.

The judgment will be affirmed.  The father of the infant joined his claim *per quod,* and that is, of course, controlled by the result in the main case.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, JJ.  13.

*For reversal*—None